UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JON-MICHAEL LITTLETON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-25-1290-J |
| ) | |
| CANADIAN COUNTY, OKLAHOMA, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

This matter was referred for initial proceedings to United States Magistrate Judge Shon T. Erwin consistent with 28 U.S.C. § 636(b)(1)(B),(C) and currently pending is his Report and Recommendation [Doc. No. 12]. Plaintiff has filed an Objection [Doc. Nos. 13 and 15].[1] For the reasons discussed below, the Report and Recommendation is ADOPTED.

**I.   Background**

Plaintiff, a pretrial detainee, filed a First Amended Complaint[2] [Doc. No. 7] alleging nine constitutional violations against seven defendants. In Count One, Plaintiff asserts he was subjected to unconstitutional conditions of confinement in violation of the Fourteenth Amendment. In Count Two, Plaintiff alleges he was placed in solitary confinement in an unheated cell after contacting his attorney regarding confiscated legal documents. In Count Three, Plaintiff asserts Defendants Burton and Wagner placed him in solitary without any disciplinary infraction or administrative

---

[1] Doc. Nos. 13 and 15 are identical except as to Plaintiff's signature. On Doc. No. 13, Plaintiff's signature is type written, and on Doc. No. 15, Plaintiff's signature is handwritten. On January 8, 2026, Plaintiff filed a Motion for Leave to File with Signature Forthcoming (Motion for Leave) [Doc. No. 14]. Because Plaintiff's signed objection was filed prior to the deadline to object to the Report and Recommendation, the Court finds Plaintiff's Motion for Leave is MOOT.

[2] Plaintiff's initial complaint was dismissed because it was filed by Glenna Littleton, acting as "power of attorney" on behalf of Plaintiff. Plaintiff's First Amended Complaint is substantially the same as the initial complaint.

justification in violation of his Due Process Rights. In Counts Four and Five, Plaintiff alleges violations of his Eighth and Fourteenth Amendment rights based upon the alleged denial of his prescribed inhaler when he suffered an asthma attack. In Count Six, Plaintiff asserts a violation of 42 U.S.C. § 1983 and the First and Sixth Amendments based upon his sealed legal outgoing mail being opened. In Count Seven, Plaintiff alleges he was discriminated against based on religious expression in violation of the First Amendment. In Count Eight, Plaintiff alleges retaliatory and malicious treatment under color of law. In Count Nine, Plaintiff asserts municipal liability against Canadian County.

On screening, Judge Erwin recommended this Court should: (1) conclude Plaintiff has stated a due process claim against Defendants Burton and Wagner based on the allegations in Count Three, has stated a claim against Defendant Wagner for deliberate indifference to Plaintiff's serious medical needs in violation of the Fourteenth Amendment based on the allegations in Count Four, and has stated a First Amendment claim against Defendant Powers based on the allegations in Count Six; and (2) dismiss all remaining counts and defendants without prejudice.

## II.     Standard of Review

Plaintiff does not object to the recommendations as to Counts Three, Four, and Six. The Court, accordingly, engages in a non-de novo review on Counts Three, Four, and Six "only to confirm that there is no clear error on the face of the record." *Gauthier v. Hunt*, No. CIV-20-1153-J, 2021 WL 1886297, at *2 (W.D. Okla. May 11, 2021) (cleaned up; citation omitted) (applying a de novo and non-de novo review to an objection which only specifically addressed portions of the underlying report and recommendation). Plaintiff objects to the recommendations as to Counts One, Two, Five, Seven, Eight, and Nine, asserting that these counts and Defendants Burton, Carter,

West, and Canadian County should not be dismissed. The Court applies de novo review on Counts One, Two, Five, Seven, Eight, and Nine to which Plaintiff specifically objected.

## III.     Non-De Novo Review

Judge Erwin recommended that the Court conclude Plaintiff has stated a due process claim against Defendants Burton and Wagner based on the allegations in Count Three; Plaintiff has stated a claim against Defendant Wagner for deliberate indifference to Plaintiff's serious medical needs in violation of the Fourteenth Amendment based on the allegations in Count Four; and Plaintiff has stated a First Amendment claim against Defendant Powers based on the allegations in Count Six. Plaintiff concurs with Judge Erwin's recommendations. Finding no clear error on the face of the record, the Court ADOPTS Judge Erwin's findings and recommendations with respect to Counts Three, Four, and Six.

## IV.     De Novo Review

Plaintiff generally objects to the Report and Recommendation and asserts that the First Amended Complaint plausibly alleges constitutional violations involving direct participation, supervisory direction, ratification, and policy-based causation sufficient to proceed against all named defendants at the pleading stage.

### A.     Count One

In Count One, Plaintiff alleges "Defendants" subjected him to conditions that violate the Eighth and Fourteenth Amendments by denying him adequate exercise, sunlight, and human contact and that these conditions constitute punishment of a pre-trial detainee without due process of law. *See* First Amended Complaint at ¶¶ 21-22. Judge Erwin recommended that this count be dismissed without prejudice, finding that Plaintiff's failure to link any of the Defendants specifically with any of the alleged violations in Count One renders that count legally deficient.

3

In his objection, Plaintiff provides additional information clarifying certain defendants' responsibility for specific claims, including Count One. Plaintiff's additional information, however, is not contained in his First Amended Complaint and, therefore, cannot be considered when determining the sufficiency of the facts alleged in Count One. Accordingly, upon de novo review, the Court ADOPTS Judge Erwin's recommendation to dismiss Count One. Because the noted deficiency can be corrected, the Court finds that Plaintiff should be granted leave to file an amended complaint.

      **B.    Count Two**

In Count Two, Plaintiff alleges he was placed in solitary confinement and an unheated cell after contacting his attorney regarding confiscated legal documents in violation of the Fourth and Fourteenth Amendments. *See* First Amended Complaint at ¶ 23. Judge Erwin recommended that this count be dismissed because Plaintiff failed to allege any specific factual allegations to satisfy the "but for" element of his retaliation claim. Upon de novo review, the Court concurs with Judge Erwin's finding that Plaintiff failed to allege any specific factual allegations against either Defendant Burton or Defendant Wagner to satisfy the "but for" element of Plaintiff's retaliation claim. Accordingly, upon de novo review, the Court ADOPTS Judge Erwin's recommendation to dismiss Count Two. Because the noted deficiency can be corrected, the Court finds that Plaintiff should be granted leave to file an amended complaint.

      **C.    Count Five**

In Count Five, Plaintiff alleges that "Defendants" repeatedly withheld Plaintiff's psychiatric medications for extended periods without medical justification, causing mental and emotional harm in violation of the Eighth and Fourteenth Amendments. *See* First Amended Complaint at ¶ 26. Judge Erwin recommended that this count be dismissed because the allegations

are insufficient because they fail to identify the specific person or persons allegedly responsible for the wrongdoing.  In his objection, Plaintiff provides additional information clarifying certain defendants' responsibility for specific claims, including Count Five.  Plaintiff's additional information, however, is not contained in his First Amended Complaint and, therefore, cannot be considered when determining the sufficiency of the facts alleged in Count Five.  Accordingly, upon de novo review, the Court ADOPTS Judge Erwin's recommendation to dismiss Count Five.  Because the noted deficiency can be corrected, the Court finds that Plaintiff should be granted leave to file an amended complaint.

      **D.**      **Count Seven**

In Count Seven, Plaintiff alleges that "Defendants" discriminated against him based on religious expression by denying him religious music while allowing another inmate to receive identical material in violation of the First Amendment.  *See* First Amended Complaint at ¶ 28.  Judge Erwin recommended that this count be dismissed because the allegations are insufficient because they fail to identify the specific person or persons allegedly responsible for the wrongdoing.  In his objection, Plaintiff provides additional information clarifying certain defendants' responsibility for specific claims, including Count Seven.  Plaintiff's additional information, however, is not contained in his First Amended Complaint and, therefore, cannot be considered when determining the sufficiency of the facts alleged in Count Seven.  Accordingly, upon de novo review, the Court ADOPTS Judge Erwin's recommendation to dismiss Count Seven.  Because the noted deficiency can be corrected, the Court finds that Plaintiff should be granted leave to file an amended complaint.

### E. Count Eight

In Count Eight, Plaintiff alleges that Defendants' actions were intentional and malicious, constituting abuse under color of law in violation of 18 U.S.C. § 242 and 42 U.S.C. § 1983. Judge Erwin recommended that this count be dismissed as duplicative of the allegations set forth in Counts One, Two, Four, Five, and Seven. In his objections, Plaintiff does not specifically address Judge Erwin's recommendation as to Count Eight. Upon de novo review, the Court ADOPTS Judge Erwin's recommendation to dismiss Count Eight.

### F. Count Nine

In Count Nine, Plaintiff alleges municipal liability against Defendant Canadian County. Judge Erwin recommended that this count be dismissed because Plaintiff's allegations are conclusory and insufficient to state a claim for municipal liability. In his objection, Plaintiff provides additional information in support of his municipal liability claim. Plaintiff's additional information, however, is not contained in his First Amended Complaint and, therefore, cannot be considered when determining the sufficiency of the facts alleged in Count Nine. Accordingly, upon de novo review, the Court ADOPTS Judge Erwin's recommendation to dismiss Count Nine. Because the noted deficiency can be corrected, the Court finds that Plaintiff should be granted leave to file an amended complaint.

## V. Conclusion

For the reasons discussed above, on both non-de novo and de novo review, the Court ADOPTS the Report and Recommendation[3] [Doc. No. 12], DISMISSES Counts One, Two, Five,

---

[3] The Report and Recommendation included a recommendation regarding Plaintiff's motion for protective order [Doc. No. 10], should the Court decide to address the motion. The Court declines to address the motion for protective order.

Seven, Eight, and Nine, and GRANTS Plaintiff leave to file an amended complaint.

IT IS SO ORDERED this 28th day of January, 2026.

_____
BERNARD M. JONES, II
UNITED STATES DISTRICT JUDGE